**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 109123

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MYRNA MARQUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CCS CREDIT COLLECTION SERVICES,<br><br>Defendant. | Docket No:<br><br>**COMPLAINT—CLASS ACTION**<br><br>JURY TRIAL DEMANDED |

MYRNA MARQUEZ, individually and on behalf of all others similarly situated, (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against CCS CREDIT COLLECTION SERVICES (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") and New York General Business Law ("NYGBL") § 349.

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York.

6. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

7. On information and belief, Defendant's principal place of business is located in Newton, Massachusetts.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

12. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

13. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by written correspondence. ("Exhibit 1.")

14. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

15. As set forth in the following Counts, Defendant's communication violated the FDCPA and NYGBL.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## FIRST COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations

16. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

17. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

18. 15 U.S.C. § 1692e(1) prohibits a debt collector from using the false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State.

19. 15 U.S.C. § 1692e(9) prohibits a debt collector from the use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

20. 15 U.S.C. § 1692e(10) prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

21. Defendant's letter states, **"This collection agency is licensed by the State of New York."**

22. The foregoing statement is patently false.

23. The foregoing statement is a false representation or implication that **Defendant** is vouched for, bonded by, or affiliated with New York State.

24. The letter including the foregoing statement is a prohibited use and distribution of a written communication that falsely represents to be a document authorized, issued, or approved by New York, and creates a false impression as to its source, authorization, or approval.

25. 15 U.S.C. § 1692e(1) prohibits a debt collector from using the false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State.

26. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

27. The least sophisticated consumer would likely be deceived by Defendant's conduct.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

28. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

29. Based on the foregoing, Decedent has violated 15 U.S.C. § 1692e(1).

30. Based on the foregoing, Defendant has violated 15 U.S.C. § 1692e(9).

31. Based on the foregoing, Decedent has violated 15 U.S.C. § 1692e(10).

## SECOND COUNT
## Violation of New York General Business Law §349

32. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

33. Defendant owed a duty to Plaintiff to effect its collection of Plaintiff's alleged debt with reasonable care.

34. Defendant's conduct as described herein shows a lack of exercise of reasonable care in Defendant's collection of the alleged debt.

35. Defendant breached its duty to collect Plaintiff's alleged debt with reasonable care.

36. Defendant's conduct was committed by Defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NY GBL § 349(a).

37. Defendant's conduct was consumer-orientated in that the letter was sent in an effort to collect an alleged consumer debt.

38. Defendant's conduct has a broader impact on consumers at large as, upon information and belief, Defendant has sent the subject form letter to hundreds of consumers.

39. Plaintiff is a reasonable consumer.

40. Defendant's conduct would mislead a reasonable consumer.

41. Defendant engaged in a material deceptive act or practice as described herein.

42. Defendant's conduct caused plaintiff to suffer injury.

43. Defendant violated NY GBL § 349(a) and is liable to Plaintiff pursuant to NY GBL § 349(h).

## CLASS ALLEGATIONS

44. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

delinquent consumer debt using the same form collection letter used concerning Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA and NYGBL § 349.

45. Defendant regularly engages in debt collection, using the same form collection letter they sent Plaintiff, in their attempts to collect delinquent consumer debts from other persons.

46. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts by sending other consumers the same form collection letter it sent to Plaintiff.

47. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

48. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

49. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under the FDCPA.

## JURY DEMAND

50. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Certify this action as a class action; and

b. Appoint Plaintiff as Class Representative of the Class, and his attorneys as Class Counsel; and

c. Find that Defendant's form collection letter violates the FDCPA; and

d. Grant statutory damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant damages pursuant to NYGBL §349; and

g. Grant Plaintiff's costs; together with

h. Such other relief that the Court determines is just and proper.

DATED: June 24, 2015

**BARSHAY SANDERS, PLLC**

By: _/s/ Craig B. Sanders_____
BARSHAY SANDERS, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 109123

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530